UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 2:20-cv-14106-ROSENBERG/MAYNARD

JANETTE D. BALCHUNAS,

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO STRIKE PLAINTIFF'S DEMAND FOR A JURY TRIAL**

This cause comes before the Court upon Defendant Bank of America, N.A.'s Motion to Strike Plaintiff Janette D. Balchunas's Demand for a Jury Trial. DE 14. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 17], Defendant's Reply [DE 18], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion is granted.

Plaintiff filed this action for improper transfer and breach of contract in state court in March 2020. DE 1-2. Her claims relate to two allegedly unauthorized and fraudulent wire transfers of funds from her bank account. *Id.* Plaintiff demanded a jury trial. *Id.* at 7. Defendant removed the action to this Court. DE 1.

Defendant now moves to strike Plaintiff's demand for a jury trial. DE 14. Defendant attaches to its Motion the Declaration of Mary Lee Trevino, a Vice President/Senior Operations Consultant of Defendant. DE 14-1. Ms. Trevino attaches two Exhibits to her Declaration, which she states are "true and correct copies of . . . documents associated with Plaintiff's account." *Id.*

Exhibit 1 is a copy of a Signature Card that Plaintiff signed in January 1994 to open a checking account. *Id.* at 4. The following sentence is printed under the signature space on the Signature Card: "Depositor(s) signing above acknowledge(s) receipt of and agree(s) to the Rules and Regulations of the Bank for the account, including but not limited to the Depositor's Agreement contained within Barnett Bank's Welcome Brochure."[1] *Id.*

Exhibit 2 is a copy of a ten-page Welcome Brochure. *Id.* at 6-10. Approximately 4 pages of the brochure comprise a Depositor's Agreement that contains 23 numbered topics. *Id.* at 8-10. The final numbered topic reads as follows: "23. Waiver of Jury Trial: The Customer knowingly and voluntarily WAIVES THE RIGHT TO TRIAL BY JURY in any dispute with the Bank concerning the Customer's account or accounts." *Id.* at 10. Defendant moves to strike Plaintiff jury demand based on this provision. DE 14.

Plaintiff responds by contending that any wavier of her right to a jury trial was not knowing or voluntary. DE 17. She attaches her own Declaration. DE 17-1. In the Declaration, she states that she does not remember having previously seen the Depositor's Agreement, that she did not sign or initial the Depositor's Agreement, that no one at Barnett Bank told her the Signature Card was connected to a Depositor's Agreement, and that nothing on the Signature Card itself indicates that she was waiving her right to a jury trial. *Id.* at 2-3. She further states that Barnett Bank never asked her if she "agreed with or wanted to change any terms of the documents in connection with opening" an account and that a bank employee "simply told [her that she] had to sign the signature card to open the account." *Id.* at 3. Finally, she states that she was not represented by an attorney when she signed the Signature Card, that the highest level of education she attained was graduation from high school, and that she does not consider herself

---

[1] The parties agree that Defendant is the successor to Barnett Bank. *See* DE 14 at 2 n.1; DE 17 at 3 n.1.

2

"very knowledgeable, sophisticated or experienced when it comes to business, banking or contract matters." *Id.*

A party may validly waive the right to a jury trial if the waiver is knowing and voluntary. *Bakrac, Inc. v. Villager Franchise Sys., Inc.*, 164 F. App'x 820, 823 (11th Cir. 2006). To determine whether a waiver was knowing and voluntary, a court considers the conspicuousness of the waiver provision, the parties' relative bargaining power, the parties' sophistication and experience, whether the terms of the contract were negotiable, and whether the waiving party was represented by counsel. *Id.* at 823-24; *Oglesbee v. IndyMac Fin. Servs., Inc.*, 675 F. Supp. 2d 1155, 1158 (S.D. Fla. 2009). No single factor is conclusive, and the court is not bound by the number of factors that are satisfied. *Madura v. BAC Home Loans Servicing L.P.*, 851 F. Supp. 2d 1291, 1294 (M.D. Fla. 2012). Rather, the court "determines whether, in light of all the circumstances, the Court finds the waiver to be unconscionable, contrary to public policy, or simply unfair." *Oglesbee*, 675 F. Supp. 2d at 1158 (quotation marks omitted).[2]

First, the waiver provision in the Depositor's Agreement is conspicuous. The waiver provision is contained within its own short, numbered paragraph, is in the final numbered paragraph, is in the same size of font as the other provisions of the Depositor's Agreement, has the descriptive heading "Waiver of Jury Trial," and contains the capitalized language "WAIVES THE RIGHT TO TRIAL BY JURY." The Depositor's Agreement—and the Welcome Brochure as a whole—is not particularly lengthy. *See id.* ("First, the waiver is conspicuous. The waiver is not buried in the middle of a lengthy paragraph without distinction, but is set off as its own

---

[2] The Circuits are split on the issue of which party has the burden of proving whether a jury trial waiver was knowing and voluntary, and the Eleventh Circuit has not ruled on this issue. *See Bakrac*, 164 F. App'x at 823 n.1. This Court's conclusion on the validity of the waiver provision at issue is the same regardless of which party bears the burden of proof.

paragraph and conspicuously labeled 'Jury Trial Waiver.' It is in the final paragraph on its page and is the last substantive paragraph in the document discussing mortgages. The waiver is in the same size font as the rest of the document and the language is clear and easy to read.").

When considering the factor of bargaining power, the "question is not whether there was unequal bargaining power, . . . but whether there was a gross disparity in bargaining power." *Id.* (quotation marks omitted). "A gross disparity in bargaining power only exists when a party is forced to accept the terms of an agreement as written; the party is unable to simply walk away if the terms are unacceptable." *Id.* at 1159. Here, there is no indication that a gross disparity in bargaining power existed between the parties. There is no evidence that Plaintiff was compelled or pressured to sign the Signature Card and no evidence that she could not have declined to sign, walked away, and sought to open an account elsewhere. *See id.* ("Plaintiff has not presented any evidence that he could not have walked away from this contract and found a mortgage loan elsewhere."); *see also Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287, 1295 (M.D. Fla. 2010) (analyzing parties' bargaining power and stating that "a term in a contract waiving a party's right to a jury trial is not unenforceable even though one party to a contract is a large corporation and the other party is simply an individual who is in need of the corporation's services").

On the factor of sophistication and experience, the Court accepts Plaintiff's statement that she does not consider herself "very knowledgeable, sophisticated or experienced when it comes to business, banking or contract matters." However, the waiver provision is a single, concise sentence that is written in language that is straight-forward and unambiguous. One does not require specialized knowledge or expertise to understand the waiver provision. *See Collins*, 680

F. Supp. 2d at 1295 ("The jury waiver paragraph is written clearly and in a way that the average person could understand its implications. No special education or expertise would have been needed to understand this provision."); *Allyn v. W. United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1253 (M.D. Fla. 2004) ("Nor were the provisions either cryptic or ambiguous in nature. Rather, the waiver provisions were sufficiently straightforward, understandable, and conspicuous to allow Plaintiffs to be aware of them, to read them, and to appreciate their meaning.").

Next, the Court has been presented with no evidence that the terms of the Depositor's Agreement either were or were not negotiable. Plaintiff does not contend that she asked to modify any provision and that her request was refused. *See Collins*, 680 F. Supp. 2d at 1295 (analyzing the negotiability of a jury waiver and stating that "nothing in the filings before the Court indicates that Plaintiffs had to sign the mortgage agreement as it was originally written"); *Oglesbee*, 675 F. Supp. 2d at 1158 ("Plaintiff has produced no evidence that he did not have the ability to negotiate. Simply because a party did not negotiate the language of a jury trial waiver does not mean that the waiver or other terms in the agreement were non-negotiable."). The boilerplate nature of a contract does not necessarily mean that it is non-negotiable. *Oglesbee*, 675 F. Supp. 2d at 1158 ("Further, boilerplate contracts, necessary for the efficiency of large financial institutions, are not *per se* non-negotiable. The Court cannot therefore find a boilerplate contract non-negotiable absent a showing that the party opposed the jury trial waiver at the time of signing or that the drafters refused to consider an alternative to the existing provision." (citations omitted)).

On the factor or representation by counsel, the Court accepts Plaintiff's statement that she was not represented by an attorney when she signed the Signature Card. However, nothing

5

before the Court indicates that she wanted or attempted to consult with an attorney before she signed and that she was unable to do so. *See Collins*, 680 F. Supp. 2d at 1296 ("[A] jury trial waiver is not unenforceable even though one party to a contract is a large corporation represented by counsel and the other party is an individual not represented by counsel."); *Oglesbee*, 675 F. Supp. 2d at 1159 ("Plaintiff has presented no evidence that he attempted to retain an attorney to review the contract but was precluded from doing so.").

The Court's analysis of these five factors reflects that the waiver provision was knowing and voluntary.[3] The Court also does not find the waiver provision to be unconscionable, contrary to public policy, or unfair. Plaintiff states that she did not sign or initial the Depositor's Agreement and does not remember having previously seen it. By signing the Signature Card, however, she acknowledged that she had received and agreed to the Depositor's Agreement. The Court has been provided nothing to indicate that this acknowledgement was false.

As to Plaintiff's argument that the Depositor's Agreement is a separate document that she did not sign, a different Court of this District previously addressed a similar situation as follows:

> The practice of having the other party agree in one document to provisions set out in another is not ideal and can only reduce the likelihood that the other party will actually read the provisions of the agreement. However, the Court is reluctant to find a clause inconspicuous on the theory that a party elected not to read the provisions of the agreement. If Plaintiff had not received the document, it should not have promised to comply with its terms.

---

[3] Plaintiff contends that the analysis of the five factors by a different Court of this District in another case involving this Defendant and a Deposit Agreement containing a jury waiver provision is determinative of the instant Motion. *See Ramjeawan v. Bank of Am. Corp.*, No. 09-20963-CIV, 2010 WL 11602096, *1-2 (S.D. Fla. Feb. 8, 2010) (denying a motion to strike a jury demand after declining to conclude that the waiver provision was knowing and voluntary). *Ramjeawan* is not binding on this Court. Moreover, there are notable factual differences between this case and *Ramjeawan*. Specifically, the Deposit Agreement at issue in *Ramjeawan* was 72 pages—significantly longer than the Depositor's Agreement at issue here—and the plaintiffs in *Ramjeawan* were not United States citizens and had no formal education beyond the elementary-school level. *See id.*

*Perlman v. Wells Fargo Bank, N.A.*, No. 10-81612-CV, 2012 WL 12854876, *2 (S.D. Fla. Apr. 3, 2012) (quotation marks omitted); *see also Swift v. N. Am. Co. for Life & Health Ins.*, 677 F. Supp. 1145, 1150 (S.D. Fla. 1987) (explaining that "the courts of this state have clearly held that a person who signs a contract is presumed to know its contents").  Again, the Court has received nothing to contradict Plaintiff's acknowledgement by signing the Signature Card that she received and agreed to the Depositor's Agreement.

Finally, Plaintiff questions whether the version of the Depositor's Agreement attached to Defendant's Motion is the same version that was in effect when she signed the Signature Card. But Ms. Trevino states in her Declaration that the attached Depositor's Agreement is a true and correct copy of that associated with Plaintiff's account, and the Court has received nothing to indicate that this statement is untrue.

Based on the foregoing analysis, the Court concludes that Plaintiff knowingly and voluntarily waived her right to a jury trial.  Defendant's Motion to Strike Plaintiff's Demand for a Jury Trial [DE 14] is **GRANTED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of August, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Counsel of Record